Paul Kujala, Plaintiff-Appellant, v. Yolanda Jackson, d/b/a Juke Box Lounge, Foremost Liquor Stores, Inc., a Corporation, and Harold McCoy, Defendants- Appellees.

Gen. No. 53,414.

First District, Fourth Division.

March 25, 1970.

11

Arthur S. Gomberg and Hickey, Gustafson & Peterson, of Chicago (Samuel Nineberg, of counsel), for appellant.

Alvin E. Rosenbloom, Mullin, Zun & Devine, of Chicago (Alvin E. Rosenbloom and Gerald B. Mullin, of counsel), for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff appeals from a directed verdict in favor of defendants in a dramshop action. The trial court barred a plaintiff's witness from testifying because his name was not furnished in response to interrogatories. This action by the court deprived plaintiff of evidence that allegedly would establish a sale or gift of intoxicating liquor as required in an action predicated upon the Liquor Control Act also referred to as the Dram Shop Act, Ill Rev Stats, c 43, § 135 (1961). The lack of this evidence is said to have resulted in a directed verdict in favor of defendants from which plaintiff appeals.

On June 9, 1962, plaintiff was allegedly assaulted by defendant Harold McCoy and sustained a fractured jaw that necessitated extensive medical treatment. Defendant dramshops, through their investigator, took a court reporter's statement from Ted Skelton, a friend of McCoy's, on December 10, 1962. Skelton related therein that he was in the company of McCoy on June 9, 1962, that McCoy was not intoxicated, that plaintiff instigated the altercation by attacking McCoy, and that he had no knowledge of McCoy making any purchases from defendant dramshops.

Plaintiff filed his complaint on February 14, 1963, and answered interrogatories on August 22, 1963. An examination of the interrogatories and answers thereto reveals that plaintiff furnished the name of Eugene Griffin, address unknown, as a witness having knowledge of McCoy's liquor purchases and intoxication on the day of the incident. However, Ted Skelton's name was not mentioned. The answer also stated that the matter was still under investigation. On July 24, 1964, defendants took plaintiff's deposition. When he was asked whether he knew of Ted Skelton, he answered in the negative.

On January 26, 1968, plaintiff took a written statement from Ted Skelton wherein his recitals regarding the altercation between plaintiff and McCoy were diametrically opposite to what he had related to defendant's investigator on December 10, 1962. In this later statement he related that he was with McCoy the day of the altercation and McCoy had made purchases of alcoholic liquor from defendant dramshops and while intoxicated, he assaulted and injured plaintiff.

It was established that on or about February 11, 1968, plaintiff had furnished defendants a copy of Skelton's statement of January 26, 1968. The case went to trial on February 21, 1968 and upon defendant's mo-

tion the trial court barred Skelton from testifying and subsequently directed a verdict for defendants.

OPINION

Plaintiff contends that the trial court erred in barring Skelton's testimony because:

(1) The plaintiff had no knowledge of the existence of Skelton at the time of answering the interrogatories or giving the deposition.

(2) The plaintiff had no continuing duty to supplement the answer to interrogatories.

(3) The defendants were not taken by surprise, since they were informed of Skelton's written statement ten days before trial.

■ The appropriate sanction, if any, to be applied by the trial court for failure to list a witness in response to an interrogatory is within the discretion of the court (Ferraro v. Augustine, 45 Ill App2d 295, 196 NE2d 16 (1964)).

■ In Buckler v. Sinclair Refining Co., 68 Ill App2d 283, 216 NE2d 14 (1966), the court stated that the criteria to be weighed in determining the appropriateness of the sanction are:

"1. The surprise to the opposing party.

"2. The good faith of the party calling the witness to notify the opposing party.

"3. Equal opportunity and access of the opposing party to interview or depose such witness prior to trial.

"4. Prejudice resulting to the opposing party from such testimony."

■ In reviewing the facts of the instant case in light of Buckler, supra, we find that the trial court abused its discretion in barring Skelton from testifying.

15

■ The facts fail to disclose surprise to the defendant by the presentation of Skelton as a witness. Defendants contend that the apparent change of position of Skelton without adequate notice justifies the sanction employed. Plaintiff, however, informed defendants of Skelton's written statement ten days before trial, but defendants elected to rely on Skelton's statement of December 10, 1962. Therefore, the presentation of Skelton at trial as a witness did not constitute surprise. There also has been no showing of lack of good faith on the part of plaintiff in answering the interrogatories or in the deposition. Defendants contend that plaintiff knowingly failed to disclose the existence of Skelton in answering the interrogatories and falsely denied any knowledge of Skelton in the deposition. Defendants reason that since plaintiff filed suit against defendant dramshops, the plaintiff must have had knowledge of McCoy's activities on the day in question. They further reason that since Skelton was allegedly the only other person who was in McCoy's company during the day in question for the entire span of time, plaintiff had obtained the necessary information for filing the complaint from Skelton.

■ Defendant's position, however, is based on a fallacious supposition that the requisite information could come only from Skelton. Plaintiff had stated that one Eugene Griffin had knowledge of the occurrences prior to the altercation on the day in question. While Griffin was not offered as a witness, it is not unreasonable to hypothesize that he could have furnished plaintiff with the information at the time.

■ Defendants also had adequate opportunity and accessibility to interview Skelton before trial after learning of his change of position, but apparently failed to do so.

■ There is also a failure of showing any prejudice accruing to the defense of the cause. While Skelton's tes-

16

timony would be damaging to defendant's position, the ten-day notice given defendants provided ample opportunity to prepare a defense to the cause in light of the written statement of January 26, 1968, if any were to be had. In addition, defendants could have used Skelton's prior statements to impeach his testimony. Therefore, we fail to perceive any substantial prejudice accruing to defendants.

We also concur in plaintiff's observation that he had no continuing duty to supplement the interrogatories; however, since plaintiff did in fact inform defendants of Skelton's testimony before trial, we believe the question to be moot.

Since the court erred in barring Skelton as a witness for plaintiff, the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.